UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO H. GOMEZ,<br><br>       Plaintiff,<br><br>  v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>       Defendants. | Case No. 1:24-cv-01144-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>RESPONSE DUE IN THIRTY DAYS |

Plaintiff Mario H. Gomez is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the operative complaint on September 26, 2024. (ECF No. 1). Plaintiff claims that correctional officers at Kern Valley State Prison failed to protect him from being stabbed by another inmate. (*Id.* at 11).[1]

It appears from the face of the Complaint that Plaintiff did not exhaust his administrative remedies before filing this action. (*Id.* at 2, 4).  Accordingly, the Court will order Plaintiff to file a response within thirty days, explaining why this action should not be dismissed for failure to exhaust available administrative remedies. Such a dismissal would be without prejudice, so that Plaintiff may refile the action after exhausting administrative remedies, to the extent those remedies are still available to him.  In the alternative, Plaintiff

---

[1] Page numbers cited refer to the pagination indicated at the bottom of each page.

1

may file a notice of voluntary dismissal, in which case the Court will dismiss Plaintiff's case without prejudice to Plaintiff refiling the complaint after exhausting administrative remedies.

## I.     LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Reyes*, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in *Ross*, 578 U.S. at 639, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide

2

> any relief to aggrieved inmates. *See* 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643–44.

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

**II.     ANALYSIS**

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Plaintiff complains of conduct that occurred on August 19, 2024 (ECF No. 1 at 8). Plaintiff's complaint was signed on September 23, 2024, and was filed on September 26, 2024. (*Id.* at 2, 4). Plaintiff's complaint indicates that the grievance procedure is "still in process" and that he filed a grievance on August 26, 2024, with the final review due by November 28, 2024. (*Id.* at 2-3).

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies before filing this lawsuit. The Court notes that this dismissal would be without prejudice. Therefore, if Plaintiff exhausts his administrative remedies in the future, he could refile the complaint.

In response to this order, the Court also welcomes Plaintiff to file any documents he believes demonstrates that he has exhausted all available administrative remedies.

### III. CONCLUSION AND ORDER TO SHOW CAUSE

Accordingly, **IT IS ORDERED** that,

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies.
2. Alternatively, Plaintiff may file a notice of voluntary dismissal, in which case the Court will dismiss the case without prejudice such that Plaintiff may refile the case after exhausting administrative remedies.
3. A failure to comply with this order may result in the dismissal of Plaintiff's case.

IT IS SO ORDERED.

Dated: **October 4, 2024**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE