UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO H. GOMEZ., | Case No. 1:24-cv-01144-EPG |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (ECF No. 5) |
| KERN VALLEY STATE PRISON, *et al.*, | |
| Defendants. | |

Mario H. Gomez is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the complaint commencing this action on September 26, 2024, in which he alleges that correctional officers at Kern Valley State prison failed to protect him from being stabbed by another inmate. (ECF No. 1). On October 4, 2024, the Court issued an order for Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 5). On October 15, 2024, Plaintiff responded to the order to show cause. (ECF No. 7).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th

Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, the Court noted in the order to show cause that it appeared from the face of Plaintiff's complaint that he had not exhausted all his available administrative remedies before filing this action. ECF No. 5 at 3. Specifically, Plaintiff's complaint indicated the grievance procedure was "still in process" with the final review due by November 28, 2024. ECF No. 1 at 2-3. Plaintiff responded to the order to show cause on October 15, 2024. ECF No. 7. Plaintiff's response brings to the Court's attention a document from the California Department of Corrections and Rehabilitation (CDCR) titled, "Office of Grievances Decision," dated August 31, 2024. *Id.* at 2. The document states,

> Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.
>
> **Decision: Allegation of Staff Misconduct.**

*Id.* (emphasis in original).

In light of letter from the Office of Grievance, the Court will discharge its order to show cause.

\\\

Accordingly, **IT IS ORDERED:**

The Court's October 5, 2024, order to show cause is DISCHARGED. (ECF No. 5).

IT IS SO ORDERED.

Dated:   **October 16, 2024**              /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE