UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO H. GOMEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-01144-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FILING A FALSE IFP AFFIDAVIT<br><br>(ECF No. 2)<br><br>RESPONSE DUE IN THIRTY (30) DAYS |

　　　　Mario H. Gomez is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the complaint commencing this action on September 26, 2024, in which he alleges that correctional officers at Kern Valley State prison failed to protect him from being stabbed by another inmate. (ECF No. 1). Before the Court is Plaintiff's application to proceed *in forma pauperis* (IFP), filed October 15, 2024. (ECF No. 8). For the reasons given below, the Court will require Plaintiff to show cause why this case should not be dismissed for filing a false IFP affidavit.

　　　　The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

1

preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015). In reviewing an IFP application, a court is "entitled to consider [a plaintiff's] own economic choices about how to spend his money." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). For example, the Court can consider that a plaintiff thought it more worthwhile to spend his money on commissary items than to pay the filing fee for his civil rights suit. *Id.* Other courts have found bad faith where "prisoner-plaintiffs have diverted funds in the period leading up to their IFP application." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *4 (E.D. Cal. May 15, 2020) (collecting cases).

With these standards in mind, the Court notes that Plaintiff's motion to proceed IFP includes a declaration signed by Plaintiff answering questions about his finances under penalty of perjury. (ECF No. 8 at 2). Importantly, Plaintiff stated that (1) he received no money from any source over the last twelve months, and (2) he had no cash, including the balance of a checking or savings account. (*Id.*).

However, according to Plaintiff's trust account statements (ECF Nos. 4, 10)[1], the information in his IFP application is false. The statements show that:

1. Plaintiff received numerous deposits in his account in the six-month period preceding the filing of the complaint, totaling approximately $600.00; and
2. On September 26, 2024, the last date on the statement prior to the date Plaintiff signed the IFP application, Plaintiff had $119.62 in his inmate account. (ECF No. 10 at 2).

From these facts, it appears that Plaintiff intentionally made false statements on his IFP affidavit by claiming that he received no money in the last twelve months and had no funds.

///

---

[1] Plaintiff filed a prison trust fund statement on September 30, 2024, containing records from March 26, 2024 through September 26, 2024 (the date this action was filed). (ECF No. 4). On October 15, 2024, another prison trust fund statement was filed, containing records from April 1, 2024, through October 14, 2024. (ECF No. 10).

Based on these circumstances, **IT IS ORDERED** as follows:

1. Within 30 days of the service of this order, Plaintiff shall file a response to this order, showing cause why this case should not be dismissed for filing a false IFP affidavit.
2. If Plaintiff fails to timely respond to this order, he is advised that this case may be dismissed.

IT IS SO ORDERED.

Dated:   **October 17, 2024**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE