UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO H. GOMEZ,<br><br>           Plaintiff,<br><br>     v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>           Defendants. | Case No. 1:24-cv-01144-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRE PLAINTIFF TO PAY THE FILING FEE IN FULL BECAUSE PLAINTIFF PROVIDED FALSE INFORMATION ON HIS APPLICATION<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Mario H. Gomez is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that correctional officers at Kern Valley State Prison failed to protect him from being stabbed by another inmate. (ECF No. 1).

Plaintiff filed an application to proceed *in forma pauperis* on October 15, 2024. (ECF No. 8). In that application, signed under penalty of perjury, Plaintiff stated that he had no money currently, and had not received any money in the last twelve months. However, the prison trust account statement, which was submitted by Plaintiff's institution of confinement, shows that these statements were false. Although the Court gave Plaintiff an opportunity to

1

explain his statements and show cause why sanctions should not issue, Plaintiff has failed to do so.

From these facts, it appears that Plaintiff intentionally made false statements on his IFP affidavit by claiming that he received no money in the last twelve months and had no funds. Accordingly, the Court recommends denying Plaintiff's application to proceed *in forma pauperis* and requiring Plaintiff to pay the filing fee if he wishes to proceed with this case.

## I.      BACKGROUND

Plaintiff filed the complaint commencing this action on September 26, 2024. (ECF No. 1). Plaintiff. On September 30, 2024, the Court issued an order directing Plaintiff to submit an application to proceed *in forma pauperis* or pay the Court filing fee within 30 days. (ECF No. 3).[1] The same day, the Court received Plaintiff's prison trust fund statement, and a second prison trust fund statement was filed on October 16, 2024. (ECF Nos. 4, 10).

On October 15, 2024, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 8). Plaintiff's motion declared under penalty of perjury that Plaintiff had not received any money from any sources over the past twelve months and that Plaintiff had no cash, including the balance of a checking or savings account. (*Id.* at 1-2). However, Plaintiff's prison trust fund statements indicated that Plaintiff received numerous depositions in his account in the six-month period preceding the filing of the complaint in this case, totaling approximately $600.00. Additionally, on September 26, 2024, the last date on the statements prior to the date Plaintiff signed his *in forma pauperis* application, Plaintiff had $132.62[2] in his inmate account. (ECF No. 4 at 4; ECF No. 10 at 2[3]).

On October 17, 2024, the Court issued an order to show cause why this action should not be dismissed for filing a false IFP affidavit. (ECF No. 13). Plaintiff was directed to respond

---

[1] The Court also issued an order to show cause why this action should not be dismissed for failure to exhaust administrative remedies, which was discharged following Plaintiff's response. (ECF Nos. 5, 7, 11).

[2] The Court's order to show cause dated October 17, 2024, stated that Plaintiff's inmate account had $119.62. (*See* ECF No. 13 at 2). A review of Plaintiff's prison trust fund statements confirms that the balance of Plaintiff's inmate account as of September 26, 2024, was $132.62.

[3] Page citations refer to the blue page numbers generated by the CM/ECF system.

to the Court's order within 30 days and was advised that failure to timely respond could result in the dismissal of this case. (*Id.* at 3). The deadline to respond to the Court's order has now passed and Plaintiff has not filed a response.

## II.   ANALYSIS

The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). To aid "in protection of the public against a false or fraudulent invocation of" the IFP statute's benefits, a litigant seeking to proceed without prepaying the filing fee must submit an affidavit under penalty of perjury. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338 (1948)).

Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n. 8 (9th Cir. 2015). "[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, No. 2:17-CV-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), *report and recommendation adopted*,

2020 WL 4350094 (E.D. Cal. July 29, 2020).  *See also Byrd v. Romley* 131 Fed.Appx. 548, 549 (9th Cir. 2005) ("The district court did not abuse its discretion by dismissing Byrd's action on the ground that he made false statements in his complaint and on his *in forma pauperis* application. Furthermore, Byrd failed to offer an explanation for making the false statements even after the district court ordered him to do so and warned him of the possibility of dismissal.") (internal citations omitted); *Steshenko v. Gayrard*, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice.") (citing *Thomas v. Gen. Motors Acceptance Corp.,* 288 F.3d 305, 306 (7th Cir. 2002); *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997); *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983)), *aff'd sub nom. Steshenko v. Albee*, 691 F. App'x 869 (9th Cir. 2017).

With these standards in mind, the Court concludes that Plaintiff's has knowingly provided inaccurate information in his IFP application, to make it appear that Plaintiff is poorer than he actually is.  Specifically, Plaintiff claimed to (1) receive no funds from any source from the last twelve months and (2) have no cash or other assets. (ECF No. 8). But according to Plaintiff's trust account statements, Plaintiff received various depositions in his account in the six months leading up to the filing of the complaint in this case, *e.g.*, $50.00 on March 28, 2024, $40.00 on April 17, 2024, $140.00 on August 25, 2024, $300 on August 26, 2024. (ECF No. 4 at 2-3; ECF No. 10 at 1-2). Additionally, one of Plaintiff's trust fund statements includes a certificate from an authorized officer indicating that "the average deposits each month to this prisoner's account for the most recent 6-month period were $92.50, and the average balance in the prisoner's account each for the most recent 6-month period was $113.80." (ECF No. 4 at 1).

Having determined that the allegations in the affidavit are untrue, the Court considers whether Plaintiff acted in bad faith. Here, Plaintiff represented that he received no funds from any source and that he had no assets. Plaintiff's trust fund statements indicate that Plaintiff received several deposits to his inmate account and that as of the date the complaint

commencing this action was filed, Plaintiff had $132.62 in his account. Moreover, despite given a chance to do so, Plaintiff has failed to explain his false statements.

Nevertheless, and while it is within the Court's discretion to dismiss this case with prejudice based on the authority noted above, the Court will stop short of recommending the harshest sanction in this case. Instead, the Court will recommend that Plaintiff be required to pay the filing fee in full should he wish to proceed with this case.

### III.     CONCLUSION, ORDER, AND RECOMMENDATIONS

Accordingly, it is ordered that the Clerk of Court direct a District Judge to this case.

Further, it is **RECOMMENDED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 8) be DENIED;
2. Plaintiff be ordered to pay the $405 filing fee in full should he wish to proceed I this case; and
3. Plaintiff is advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall not exceed fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2024**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

5