1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO H. GOMEZ,<br><br>      Plaintiff,<br><br>    v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>      Defendants. | Case No. 1:24-cv-01144 KES EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE IN FULL WITHIN 30 DAYS<br><br>(Docs. 8, 15) |

Plaintiff Mario H. Gomez is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Doc. 1.  On October 15, 2024, plaintiff filed an application to proceed in forma pauperis ("IFP").  Doc. 8.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2024, the assigned magistrate judge issued an order requiring plaintiff to show cause ("OSC") why this case should not be dismissed due to plaintiff's filing of a false IFP affidavit. Doc. 13.  Plaintiff was directed to respond to that order within 30 days and was advised that failure to timely respond could result in the dismissal of this case.  *Id.* at 3.  Plaintiff did not file a response to the OSC.

Thereafter, on December 5, 2024, the magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed IFP be denied and that plaintiff be ordered to pay the $405 filing fee in full should he wish to proceed in this case.  Doc. 15.  Specifically, the magistrate judge

"determined that the allegations in [plaintiff's IFP] affidavit [were] untrue." *Id.* at 4.  The magistrate judge found that "Plaintiff's has knowingly provided inaccurate information in his IFP application, to make it appear that Plaintiff is poorer than he actually is." *Id.*  The magistrate judge observed that "Plaintiff received various deposits" into his trust account and "had $132.62 in his account" when he submitted his IFP application which claimed that he had received no funds from any source in the past twelve months and had no cash or other assets.  *Id.* at 4–5.  The magistrate judge also observed that "despite [being] given a chance to do so, Plaintiff has failed to explain his false statements" and did not file a response to the OSC issued on October 17, 2024.  *Id.* at 2–3, 5.  The magistrate judge noted it was within the Court's discretion to dismiss this case with prejudice based on the finding that plaintiff acted in bad faith, but rather than the sanction of dismissal the magistrate judge instead recommended that plaintiff be required to pay the filing fee in full to proceed with this action.  *Id.* at 5.

Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service.  *Id.*  Plaintiff did not file objections and the time to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

///
///
///
///
///
///
///
///
///
///
///

Accordingly:

1.    The findings and recommendations issued on December 5, 2024, Doc. 15, are adopted in full;

2.    Plaintiff's application to proceed in forma pauperis, Doc. 8, is denied; and

3.    Plaintiff shall pay the $405.00 filing fee in full <u>within 30 days</u> of the date of service of this Order, if plaintiff wishes to proceed with this action.

**<u>Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.</u>**

IT IS SO ORDERED.

Dated:   June 16, 2025

UNITED STATES DISTRICT JUDGE

3