1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO H. GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01144 KES EPG (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

On June 17, 2025, the Court denied plaintiff's application to proceed in forma pauperis and ordered plaintiff to pay the filing fee in full to proceed with this action.  Doc. 16.  Despite the Court's warning that "failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice," *id.* at 3, plaintiff has failed to pay the required fee.  Without such payment, this action cannot proceed.  *See* 28 U.S.C. § 1914(a); L.R. 121(c); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

Dismissal is also warranted due to plaintiff's failure to prosecute and failure to obey court orders. Plaintiff last communicated with the Court on October 17, 2024.  Doc. 12.  As set forth in the Court's order adopting the assigned magistrate judge's findings and recommendations, Doc. 16, plaintiff subsequently failed to respond to the magistrate judge's order to show cause and did not file objections to the findings and recommendations.  Thereafter, plaintiff failed to pay the filing fee as ordered and has not otherwise communicated with the Court.

1    In determining whether to dismiss an action as a sanction, the relevant considerations are:  "(1)

2    the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

3    the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

4    and (5) the availability of less drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

5    1986).

6    Here, the public's interest in expeditiously resolving this litigation and the Court's need to

7    manage its docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th

8    Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal");

9    *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to

10   manage their dockets without being subject to noncompliant litigants).  As to the third factor, the risk of

11   prejudice to the defendants also weighs in favor of dismissal, given that unreasonable delay in a case

12   gives rise to a presumption of injury to the defendant.  *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522,

13   524 (9th Cir. 1976).

14   While the fourth consideration, that public policy favors disposition of cases on their merits,

15   generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to

16   move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In*

17   *re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations

18   omitted).  Finally, there is little else available to the Court that would constitute a satisfactory lesser

19   sanction given the Court's apparent inability to communicate with plaintiff.  *See, e.g.*, *Gaston v.*

20   *Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to

21   communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's

22   failure to prosecute this action.").  Moreover, plaintiff was already warned that his failure to pay the

23   filing fee as ordered would result in the dismissal of this action.  *Ferdik*, 963 F.2d at 1262 (district

24   court's warning to a party that his failure to obey will result in dismissal satisfies the "consideration of

25   alternatives" requirement).

26   ///

27   ///

28   ///

2

Accordingly:

1.    This action is dismissed without prejudice for plaintiff's failure to pay the filing fee, failure to prosecute, and failure to obey court orders; and

2.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 18, 2025

_____
UNITED STATES DISTRICT JUDGE